IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

RICK L. JONES,

           Petitioner,

v.                                  Case No. 21-CV-276-JFH-KEW

SCOTT CROW, DOC Director,

           Respondent.

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner Rick L. Jones' ("Jones") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Jones is a pro se state probationer in the custody of the Oklahoma Department of Corrections. He is attacking his convictions in Bryan County District Court Case No. CF-2003-212 for two counts of Child Sexual Abuse (Counts 1 and 2) and one count of Production/Distribution/Possession of Juvenile Pornography (Count 3). Dkt. No. 7-1 at 1. Jones raises the following grounds for relief:

> Claim One: The District Court of Bryan County lacks jurisdiction. This land is under the jurisdiction of the Choctaw Nation.
>
> Claim Two: DA withheld exculpatory evidence in regard to the state lacking subject matter jurisdiction.
>
> Claim Three: The August 12, 2021, *Matloff v. Wallace* opinion from the OCCA [Oklahoma Court of Criminal Appeals] goes against my constitutional right to due process.

Dkt. No. 1 at 5, 7-8.

**I.**    **Statute of Limitations**

Respondent's motion to dismiss alleges the petition is time-barred under the one-year statute of limitations set forth by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d). Dkt. No. 6. In the alternative, Respondent claims

Jones has failed to exhaust the necessary state remedies, and the *Younger* abstention doctrine should be applied. *Id.* Jones has filed a response to the motion to dismiss. Dkt. No. 8.

> Section 2244(d) provides that:
>
> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A.     Timeliness Under 28 U.S.C. § 2244(d)(1)(A)

The record shows that on October 13, 2003, Jones entered pleas of nolo contendere to the three counts in Bryan County Case No. CF-2003-212. Dkt. No. 7-1 at 1. He was sentenced to twenty (20) years' imprisonment for Count 3, to be served concurrently with Counts 1 and 2. *Id.* He was sentenced to thirty (30) years' incarceration for each of Counts 1 and 2, with all but the first twenty (20) years suspended. Counts 1 and 2 were ordered to be served concurrently with each other and with Count 3. *Id.*

Jones did not withdraw his plea or otherwise seek to timely appeal his judgment and sentence. Dkt. No. 7-2 at 5-6. His convictions, therefore, became final on October 23, 2003, ten (10) days after entry of the judgment and sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. The statutory year began to run the next day on October 24, 2003, and it expired on October 25, 2004.[1] *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date). This habeas petition, filed on September 14, 2021, was untimely under 28 U.S.C. § 2244(d)(1)(A).

B.   **Tolling Under 28 U.S.C. § 2244(d)(2)**

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. State procedural law determines whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003).

On June 4, 2021, Jones filed in the state district court a petition for post-conviction relief, arguing he was "accused and convicted illegally," because he is an Indian who committed his crimes on an Indian reservation. Dkt. No. 7-3 at 1. When the state district court did not act on the petition, Jones apparently filed a petition for a writ of mandamus on August 5, 2021, in OCCA

---

[1] Because October 24, 2004, was a Sunday, the deadline was extended to Monday, October 25, 2004. *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that in computing time, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

3

Case No. MA-2021-810.  *See* Oklahoma State Courts Network at https:\\www.oscn.net "OSCN").[2] On August 17, 2021, the OCCA declined jurisdiction over the matter, because Jones had "failed to give adequate notice to the proper party."  Dkt. No. 7-4 at 4.

On September 1, 2021, Jones filed a combined opening brief and application for a certificate of appealability in his post-conviction proceedings.  Dkt. No. 7-5.  On October 12, 2021, the application was set for hearing on October 19, 2021.  Dkt. No. 7-7.  The State of Oklahoma filed a response to Jones' application on October 14, 2021.  Dkt. No. 7-8.  According to the OSCN docket sheet for Jones' criminal case, a "summary disposition" of the post-conviction application was entered on January 27, 2022.  No appeal of the disposition is listed on the state court docket sheet.

Jones did not initiate his post-conviction proceedings until June 4, 2021, after expiration of the limitation period, so there is no statutory tolling under 28 U.S.C. § 2244(d)(2).  *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (noting that AEDPA's one-year period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed *during* the limitations period" (emphasis added) (citing 28 U.S.C. § 2244(d)(2)).

C.      **Impediment Under 28 U.S.C. § 2244(d)(1)(B)**

Jones' second ground for relief alleges the district attorney withheld exculpatory evidence concerning the State's lack of subject matter jurisdiction.  Dkt. No. 1 at 7.  To the extent Jones is attempting to invoke AEDPA's commencement date under § 2244(d)(1)(B), which runs from the

---

[2] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net.  *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

date some state-created impediment to filing is removed, his claim is meritless. Jones cannot show that the State sought to prevent the discovery of his habeas claims or to prevent him from filing claims. Because Jones cannot demonstrate any impediment by the State that blocked him from advancing his claims, he cannot apply a commencement date under § 2244(d)(1)(B).

In fact, almost all of the documents underlying *McGirt* had been available for more than a century before Jones was convicted. *See McGirt*, 140 S. Ct. at 2460-2467 (analyzing treaties and congressional acts relevant to the Muscogee Reservation). Jones' failure to inquire into the State's prosecutorial authority or conduct any legal research before *McGirt* was decided cannot be attributed to the State. Nor can he show that the State withheld knowledge that it allegedly lacked prosecutorial authority in his case.

The AEDPA offers state prisoners a year to commence a habeas corpus petition after a state-created impediment that prevents filing the claim is removed. *Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020) (unpublished). This provision, however, "typically applies when the State thwarts a prisoner's access to the courts, for example, by denying an inmate access to his legal materials or a law library." *Id.* (citation omitted). The Tenth Circuit has "further held the state-created impediment must have actually prevented the inmate from filing his application. *Id.* at 310. Here, Jones has not shown that the district attorney's alleged withholding of "exculpatory evidence" concerning jurisdiction actually prevented Jones from filing his habeas petition. Accordingly, Jones' habeas application is not timely under 28 U.S.C. § 2244(d)(1)(B).

D.    **Newly-Recognized Constitutional Right Under 28 U.S.C. § 2244(d)(1)(C)**

The *McGirt* decision recognizing the existence of the Muskogee Reservation did not establish a new starting date under § 2244(d)(1)(C) for Jones to submit his habeas corpus claims:

> *McGirt* announced no new constitutional right. It self-professedly resolved a question of "statutory interpretation," 140 S. Ct. at 2474, surveying many "treaties and statutes," *id.* at 2476, to determine that "[t]he federal government promised the Creek a reservation in perpetuity" and "has never withdrawn the promised reservation," *id.* at 2482. The opinion addressed the United States Constitution only to explain Congress's exclusive authority to disestablish Indian reservations. *See id.* at 2462-63. (The Constitution is also mentioned in passing within a quotation from the Oklahoma Enabling Act. *See id.* at 2477.).

*Pacheco v. El Habti*, 48 F.4th 1179, 1191 (10th Cir. 2022).

Even assuming Jones' claim implicates the State's exercise of "jurisdiction," this does not excuse him from section 2244(d). *See Ross v. Pettigrew*, No. 20-CV-0396-JED-CDL, 2021 WL 1535365, *3 & n.5 (N.D. Okla. Apr. 19, 2021) (unpublished) (dismissing habeas petition filed by Oklahoma prisoner, and predicated on *McGirt*, as time-barred because "the plain language of § 2244(d)(1) provides no exception for due-process claims challenging subject-matter jurisdiction"); *Cole v. Pettigrew*, No. 20-CV-0459-JED-CDL, 2021 WL 1535364, *2 & n.4 (N.D. Okla. Apr. 19, 2021) (unpublished) (same).

### E.   Equitable Tolling

Jones does not allege he is entitled to equitable tolling. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[A] petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (2007) (citations omitted). Here, the Court finds there is no evidence in the record to suggest that

uncontrollable circumstances impeded Jones from timely filing his federal claim or that he is actually innocent of the crimes to which he entered pleas of nolo contendere. *See Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (finding the petitioner's "plea of guilty simply undermines" his actual innocence claim.).

## II.     Exhaustion of State Remedies

Respondent also alleges Jones cannot show that he has exhausted his state-court remedies. Under the AEDPA, a federal habeas petitioner must completely exhaust all state remedies before he is entitled to habeas corpus relief in federal court. 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Respondent asserts in his motion to dismiss that Jones has not put his habeas issues before the OCCA, because his post-conviction action was pending when Respondent's motion was filed. On September 26, 2022, however, the OCCA affirmed the denial of Jones's application for post-conviction relief in Case No. PC-2022-723. *See* OSCN. Because Jones has exhausted his state remedies, the Court finds Respondent's motion to dismiss this action on the basis of exhaustion is moot.

## III.     Certificate of Appealability

The Court further finds Jones has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

7

jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Jones is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

THEREFORE, IT IS HEREBY ORDERED that Respondent's motion to dismiss time-barred petition [Dkt. No. 6] is GRANTED, and Petitioner Jones is DENIED a certificate of appealability.

Dated this 24th day of October 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE